# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES G. WILSON, | ) |
| Petitioner, | ) |
| v. | ) No. 2:16-cv-00444-JMS-DKL |
| SUPERINTENDENT, Wabash Valley Correctional Facility, | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

James Wilson is a prisoner of the State of Indiana serving a term of imprisonment following his 2014 conviction for attempted murder. He seeks a writ of habeas corpus challenging that conviction.

As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). Accordingly, "when examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

In this case, the procedural inquiry is conclusive as to the proper outcome. The hurdle Wilson faces here is the exhaustion of available remedies in the state courts. "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'"

*Woodford v. Ngo*, 126 S. Ct. 2378, 2386-87 (2006)) (internal citations omitted); *see also Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015)("[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'") (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)).

Wilson's direct appeal has been completed, but his action for post-conviction relief in the trial court remains pending. In Indiana, an action for post-conviction relief constitutes a meaningful state court remedy. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985). At a minimum, Wilson must finish the course with his pending action for post-conviction relief, including any available appeal. He offers no sound reason why this course of action is not available to him and why it would not be a meaningful remedy for him. That fact renders the filing of this federal habeas action premature.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). Wilson has not exhausted his habeas claims in the Indiana state courts, which remain open to him. His petition for a writ of habeas corpus is therefore dismissed without prejudice.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Wilson has failed to show that

reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Indeed, because the petitioner's post-conviction relief challenge is progressing as already noted in this Entry, the dismissal ordered herein is a nonfinal order and hence is not even appealable. *Gacho v. Butler*, 792 F.3d 732, 736 (7th Cir. 2015). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 7/3/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Chandra Hein
INDIANA ATTORNEY GENERAL
chandra.hein@atg.in.gov

JAMES G. WILSON
139229
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only